**Todd M. Friedman (SBN 216752)**
**Adrian R. Bacon (SBN 280332)**
**Meghan E. George (SBN 274525)**
**Tom E. Wheeler (SBN 308789)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**mgeorge@toddflaw.com**
**twheeler@toddflaw.com**

*Attorneys for Plaintiff, NIKKI GIAVASIS, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NIKKI GIAVASIS, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

SPIRIT AIRLINES, INC., and DOES 1 – 10, inclusive,

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)

**Jury Trial Demanded**

Plaintiff NIKKI GIAVASIS ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant SPIRIT AIRLINES, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising the prices of its airline tickets by selling them through third parties as the lowest available rates and then charging consumers for services related and necessary to travel, effectively making any so-called savings over other, comparable and competing airlines illusory, and to obtain redress for all California consumers ("Class Members") who purchased, within the applicable statute of limitations period, one of these airline tickets from Defendant through third parties (hereinafter collectively referred to as the "Class Products").

2. Defendant is a Delaware corporation headquartered in Florida and is engaged in the sale and distribution of airline tickets and related services and does a large share of its business in California.

3. Defendant represents that its airfare is the lowest available on the comparable market when it is in fact not.

4. Plaintiff and others similarly situated purchased these airplane tickets.

5. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that its airfare would be the lowest available at the relevant time of purchase, but Defendant failed to disclose in its advertisements that consumers would be charged for services such as baggage and snacks at rates that are significantly higher than competing airlines, thereby making any apparent savings illusory.

6. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these airplane tickets, which Plaintiff and

others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

7. Consumers purchase Defendant's airplane tickets sold through third parties such as www.Orbitz.com where said tickets are advertised to be lowest priced airfare on the market.

8. Nowhere in Defendant's advertisements are consumers notified that they will be charged excessively for services that are related and necessary to airline travel.

9. Consumers rely on the representations and advertisements of airlines in order to know which airlines to choose. The costs of services that are related and necessary to travel like baggage, picking seats, and ticket printing ("Attendant Services") are important to consumers in order to make decide between comparable airlines.

10. Defendant is an airline that is engaged in the sale, marketing, supplying, and distribution of air transportation at lower costs than its competitors when it in fact does not offer the lowest cost among its competitors.

11. Consumers chose Defendant for its alleged low cost airfare, especially in comparison to Defendant's competitors. When consumers purchase airline tickets from Defendant at an apparent savings, they reasonably expect that the costs attendant thereto will not negate said savings.

12. Defendant profits from both the sale of the airplane tickets and the Attendant Services. Without the Attendant Services, many consumers would not have purchased airplane tickets from Defendant because traveling consumers normally have things such as baggage and require a seat on the airplane, and excessive charges for Attendant Services would have deterred them from

purchasing tickets from Defendant.

13. In actual fact, Defendant charges so much for Attendant Services, without first disclosing such costs before purchase of airplane tickets, that the costs exceed any savings gained from purchasing Defendant's tickets over a competitor's.

14. Consumers are unable to ascertain the true costs of the Attendant Services until after they purchase their tickets.

15. Despite the fact that the purchase of a ticket does not include Attendant Services thereby making the airfare far more than advertised, Defendant and Defendant's employees nonetheless represent to consumers through express statements and material omissions that their airfare is the cheapest on the market and benefit from such representations.

16. Defendant conceals the fact that airplane tickets do not include Attendant Services.

17. Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase.

18. Defendant makes written representations to consumers which contradict the actual cost of airfare.

19. The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

20. Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the invalid Class Products to consumers in California.

21. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products and an award of

damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

22. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

23. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the tickets online in California. Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

24. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

25. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens of California State.

## THE PARTIES

26. Plaintiff NIKKI GIAVASIS is a citizen and resident of the State of California, County of Los Angeles.

27. Defendant SPIRIT AIRLINES, INC. is a Delaware Corporation headquartered in Florida. Defendant conducts a large share of its business within California.

28. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

29. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known

30. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

31. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

32. In or around December of 2016, Plaintiff purchased airfare for herself and her son from Defendant through a third party vendor, www.Orbitz.com.

33. For airfare, Plaintiff paid more than valuable consideration.

34. Advertisements on third party websites, as well as on Defendant's own website, represent Defendant's airfare as being either the cheapest available or significantly less than most comparable airlines and omitted from its advertisements the true cost of Attendant Services.

35. Moreover, Defendant represents its Attendant Services, such as checking bags, printing tickets that are necessary for boarding, and choosing a seat to sit in on the airplane, as "optional".

36. Relying on the assurance that she would save money by choosing Defendant over other airlines, and that any savings would not be negated by the costs of Attendant Services, Plaintiff decided to purchase airplane tickets from Defendant. Plaintiff purchased tickets from Defendant because of the assurance that they were cheaper than other airlines.

37. Subsequent to purchasing airplane tickets, Plaintiff attempted to check in online through Defendant's website for her flight. At this time, she was told that she had the "option" of paying to check bags, print tickets, and chose a seat

38. At this time, Plaintiff learned that the costs of the aforementioned Attendant Services, annihilated any savings she gained by choosing Defendant over competitors.

39. Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

40. Defendant's sale of "optional" Attendant Services, which are in fact required and made available for no cost by competing airlines, were made available only after Plaintiff purchased tickets shows that Defendant knew that Plaintiff, as well as similarly situated consumers, did not know the true cost of airfare.

41. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

42. Defendant expressly represented to Plaintiff, through written statements and omissions, that its airfare is the cheapest available or one of the cheapest available and that savings gained by choosing Defendant over competitors would not be destroyed by attendant costs.

43. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase airplane tickets in spite of the inhibition brought about by the cost of Attendant Services.

44. In purchasing the Class Products at the time of purchase of her airplane tickets, Plaintiff relied upon Defendant's representations that the airfare would be cheaper than other airlines.

45. Not only were such representations clearly false because the price for the airline tickets excluded the costs of Attendant Services, but the ultimate cost of airfare that far exceeded the amount she paid for the ticket and relative to competitors evidences that the airplane tickets were not the cheapest on the market.

46. Plaintiff would not have purchased the airplane tickets if she knew that the above-referenced statements made by Defendant were false.

47. Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the Attendant Services, Plaintiff would not have purchased the airplane tickets.

48. Plaintiff gave her money to Defendant because of the advertised price of the airplane tickets. Defendant benefited from falsely advertising the price of the airplane tickets. Plaintiff received nothing for giving her money to Defendant for airplane tickets that turned out cost more in total airfare than at least some competitors. Defendant benefited on the loss to Plaintiff and provided

nothing of benefit to Plaintiff in exchange.

49. Had Defendant properly marketed, advertised, and represented the Class Products as failing to be the cheapest on the market, no reasonable consumer who purchased airplane tickets would have believed that they were the cheapest on the market.

**CLASS ACTION ALLEGATIONS**

50. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

51. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California, and whose airplane ticket was advertised as being the cheapest available.

52. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

53. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

54. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

55. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

56. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

57. Rather, all claims in this matter arise from the identical, false,

affirmative written statements and material omissions that Defendant's airfare would be the cheapest on the market and not exclude costs for Attendant Services when in fact such representations were false.

58. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b) Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c) Whether Defendant profited from both the sale of the airplane tickets and Attendant Services;

(d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.,

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

59. Plaintiff is a member of the class she seeks to represent

60. The claims of Plaintiff are not only typical of all class members, they are identical.

61. All claims of Plaintiff and the class are based on the exact same legal theories.

62. Plaintiff has no interest antagonistic to, or in conflict with, the class.

63. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

64. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

65. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

66. Plaintiff incorporates by reference each allegation set forth above.

67. Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

68. California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

69. Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold airplane tickets advertised to be the cheapest on the market without disclosing the true, total cost when Attendant Services are included, and Defendant knew that Attendant Services significantly increased the total price, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

70. Specifically, Defendant sold its tickets through third parties that then listed the prices of other airlines, and they represented them as being lower than all or most other airlines. Furthermore, Defendant advertises on its website that Attendant Services are "optional" and therefore not included in the initial purchase price.

71. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

72. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the advertised price of airfare included Attendant Services. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up with airfare that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

73. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to

sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

74. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would include Attendant Services.

75. Defendant knew that the Class Products did not in fact include the Attendant Services.

76. Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that did not include the Attendant Services.

77. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

78. Plaintiff incorporates by reference each allegation set forth above.

79. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that

is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

80. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

81. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

82. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described airplane tickets (Class Products), which were not included in conjunction with said Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

83. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products included Attendant Services, in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms did not provide Attendant Services for Plaintiff and other putative class members' airplane tickets, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from the advertised price is nonexistent, when this is typically never the case in situations involving advertised savings. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

84. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Class Products would include Attendant Services in the price for Plaintiff and class members, these consumers suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products did not include Attendant Services, including failing to provide an opportunity to Plaintiff and class members to read and review the accurate features included with the Class Products prior to purchase. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase airplane tickets without the Attendant Services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

85. . Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

86. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

87. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

88. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they included Attendant Services, even though the airplane tickets contained no such services. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

89. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including Attendant Services, falsely represented the features of the Class Products as well as the difficulty that would result when trying to install/connect the printer to the Plaintiff and Class Members' computers/laptops.

90. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

91. California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

92. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including Attendant Services, falsely representing the actual, total cost of airfare when the costs of Attendant Services are included.

93. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

94. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

95. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

96. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

97. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

98. Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring SPIRIT AIRLINES, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) Restitution and disgorgement of profits for all funds obtained by Defendant from Class Members as a result of Defendant's advertising practices;

(e) An order requiring SPIRIT AIRLINES, INC. to engage in corrective advertising regarding the conduct discussed above;

(f) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(g) Punitive damages, as allowable, in an amount determined by the Court or jury;

(h) Any and all statutory enhanced damages;

(i) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(j) Pre- and post-judgment interest; and

(k) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: February 2, 2018

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff NIKKI GIAVASIS