Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com

*Attorneys for Plaintiff, NIKKI GIAVASIS, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI GIAVASIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPIRIT AIRLINES, INC., and DOES 1 – 10, inclusive,<br><br>Defendant. | Case No. 2:18-cv-00864-RGK-RAO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1)  Breach of Express Contract<br>(2)  Breach of Implied Contract<br><br>**Jury Trial Demanded** |

Plaintiff NIKKI GIAVASIS ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant SPIRIT AIRLINES, INC. (hereinafter "Defendant") arising out of Defendant's breach of its express and implied contracts with consumers relating to the delivery of checked baggage on time ("Baggage Class") and the purchase of premium seats which are unable to recline ("Seat Class"), and to obtain redress for a nationwide Class of all others similarly situated ("Class Members") who purchased, within the applicable statute of limitations period, one of these airline tickets from Defendant.

2. Defendant is a Delaware corporation headquartered in Florida and is engaged in the sale and distribution of airline tickets and related services and does a large share of its business in California.

3. Defendant represents as part of the terms of its service that it will deliver baggage on time and that consumers can purchase luxury seat upgrades on its flights known as "the Big Front Seat."

4. Plaintiff and others similarly situated purchased airplane tickets and entered into express and implied contracts pertaining to the on time delivery of baggage and ability of the luxury seats to recline when in fact neither term was fulfilled by Defendant. In doing so, Defendant breached its contract with Plaintiff and the Classes.

## JURISDICTION AND VENUE

5. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under common law.

6. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the tickets online in

California. Plaintiff resides in the Central District of California and Defendant does business, <u>inter alia</u>, in the Central District of California.

7. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

8. In the case at bar, there are at least 100 members in the proposed Classes, the total claims of the proposed Classes members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the Classes Members are citizens of different states than that of Defendant.

## THE PARTIES

9. Plaintiff NIKKI GIAVASIS is a citizen and resident of the State of California, County of Los Angeles.

10. Defendant SPIRIT AIRLINES, INC. is a Delaware Corporation headquartered in Florida. Defendant conducts a large share of its business within California.

11. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

12. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known

13. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

15. In or around December of 2016, Plaintiff purchased airfare for herself and her son from Defendant.

16. In doing so, Defendant and Plaintiff entered into a contract governing the terms of the provision of the service by Defendant.

17. At the airport, Plaintiff purchased at a premium multiple "checked bag fees" for the service of Defendant transporting her luggage and delivering it at her destination. In total, Plaintiff spent approximately two-hundred dollars ($200) on the checked bag fees.

18. Per Defendant's Contract of Carriage, Defendant states that it will "deliver baggage on time." By charging these fees, Defendant incurred an

obligation to ensure the timely delivery of the baggage to its passengers upon their arrival at their destination. Each time Defendant delays or loses baggage, but fails to return the baggage fee to the affected passenger, it breaches its obligation under the implied and express contract. Defendant is not entitled to retain baggage fees collected from passengers whose bags have been delayed while in the care of Defendant.  Defendant charged an extra and surplus checked bag fee in addition to the amount already charged to its passengers for the purchase of its airline tickets.

19. Defendant failed to deliver Plaintiff's baggage on time and instead took over a hour to deliver Plaintiff's baggage to her following the conclusion of her flight. In doing so, Defendant breached its implied and express contract with Plaintiff.  Plaintiff demanded Defendant provide a refund of the "checked bag fees" that she paid Defendant for the service of delivering her baggage on time which Defendant had failed to perform on, but Defendant refused.

20. In addition, Plaintiff purchased a premium upgrade to a "Big Front Seat" for her flight. Defendant indicates that its "Big Front Seats" are a wider seat with extra legroom for an even more comfortable flight. For the "Big Front Seat" upgrade, Plaintiff paid in excess of fifty dollars ($50).

21. While Defendant represents and conditions its "Big Front Seats" as a luxury version of the normal seats, however Defendant fails to provide seats that are actually luxury versions of the normal seats. While "Big Front Seats" are wider and have more legroom, no "Big Front Seats" can recline as compared to normal seats.

22. Plaintiff paid a premium to Defendant for the "Big Front Seat" based on the terms that the "Big Front Seat" is a luxury version of a standard seat and thus would recline in addition to having additional legroom and width. In reality, Plaintiff's seat did not recline and thus Defendant breached its implied and express

contract in selling Plaintiff the "upgraded" seats.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

24. The class Plaintiff seeks to represent two Classes. A Baggage Class defined as follows:

> All United States consumers who, between the applicable statute of limitations and the present, purchased a checked baggage fee from Defendant and whose bag was delayed.

25. The class Plaintiff seeks additionally represent a Seat Class (and with "the Baggage Class," hereinafter "the Classes") defined as follows:

> All United States consumers who, between the applicable statute of limitations and the present, purchased a "Big Front Seat" from Defendant.

26. As used herein, the term "Classes Members" shall mean and refer to the members of the Classes described above.

27. Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

28. Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

29. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

30. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

31. There are common questions of law and fact as to the Classes Members that predominate over questions affecting only individual members,

including but not limited to:

(a) Whether Defendant breached its agreement with passengers who paid baggage fees but had their bags delayed and did not receive a return of their baggage fees;

(b) Whether Defendant had an implied contract to provide the timely delivery of checked baggage;

(c) Whether Defendant breached its agreement with passengers to provide luxury versions of its regular seats through its sale of "Big Front Seats," when in reality the luxury versions did not recline as compared to the regular seats which do;

(d) Whether Defendant had an implied contract that its "Big Front Seats" would possess the reclining capability of its non-luxury seats;

(e) Whether Defendant's practices harmed Plaintiff and Classes Members; and

(f) The method of calculation and extent of damages for Plaintiff and Classes Members.

32. Plaintiff is a member of the Classes she seeks to represent

33. The claims of Plaintiff are not only typical of all Classes members, they are identical.

34. All claims of Plaintiff and the Classes are based on the exact same legal theories.

35. Plaintiff has no interest antagonistic to, or in conflict with, the class.

36. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff purchased a checked baggage fee and a "Big Front Seat" from Defendant during the Class Period. Defendant's failure to provide per the terms of its agreements concerns the same business

practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Classes Members as demonstrated herein.

37. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent herself and the Classes.

38. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Breach of Express Contract

39. Plaintiff incorporates by reference each allegation set forth above.

40. Plaintiff and the Baggage Class and Defendant entered into an express contract under which Defendant agreed to timely deliver Plaintiff's and the Baggage Class Members' bags to them upon their arrival at their destination. This was a material term of the express contract and contract of carriage. Plaintiff and the Baggage Class Members agreed to pay and did pay a checked baggage fee to Defendant for this service.

41. Plaintiff and the Baggage Class are parties to uniform and identical written contracts with Defendant pertaining to the provision of these services and the claims asserted against Defendant.

42. Plaintiff and the Baggage Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released, or waived by the actions, conduct, or agreement of Defendant.

43. Defendant breaches it contractual obligations under the contracts with Plaintiff and each member of the Baggage Class by failing to timely deliver their

baggage upon arrival at their destinations. Such failure constitutes a failure of consideration.

44.     As a direct and proximate result of Defendant's failure to timely deliver their baggage, Plaintiff and the Baggage Class are entitled to a return of the consideration they paid to Defendant in the form of checked bag fees.

45.     Plaintiff and the Seat Class and Defendant entered into an express contract under which Defendant agreed to sell Plaintiff and the Seat Class Members "Big Front Seats" which were a luxury version of its normal seating and thus would be capable of reclining. This was a material term of the express contract. Plaintiff and the Seat Class Members agreed to pay and did pay a seat premium fee to Defendant for this service.

46.     Plaintiff and the Seat Class are parties to uniform and identical written contracts with Defendant pertaining to the provision of these services and the claims asserted against Defendant.

47.     Plaintiff and the Seat Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released, or waived by the actions, conduct, or agreement of Defendant.

48.     Defendant breaches it contractual obligations under the contracts with Plaintiff and each member of the Seat Class by failing to provide "Big Front Seats" which were capable of reclining.  Such failure constitutes a failure of consideration.

49.     As a direct and proximate result of Defendant's failure to timely deliver their baggage, Plaintiff and the Seat Class are entitled to a return of the consideration they paid to Defendant in the form of the seat premium fees.

## SECOND CAUSE OF ACTION

## Breach of Implied Contract

50. Plaintiff incorporates by reference each allegation set forth above.

51. Contracts may be made by a writing, orally, or by conduct of the parties, or by a combination of any of the aforementioned. Each such contract is equally valid and enforceable, with the manner of the proof of the terms of the contract varying by the form of contract. Plaintiff and the Classes and Defendant entered into a contract that was partly written and partly implied by conduct, upon which Defendant agreed to timely deliver Plaintiff and the Baggage Class's bags upon their arrival at their destination, and upon which Defendant agreed to provide a premium luxury version of their normal seat to Plaintiff and the Seat Class.

52. The express terms were the payment of a fee by Plaintiff and the Classes members in exchange for checked bag services and a premium seat. The implied terms of the contract were that Defendant would deliver the bags timely and provide a premium version of a regular seat. Defendant made the offer as to both services in exchange for fees which it accepted and demonstrated a clear intent and understanding as to the services it was providing to the Classes. Plaintiff and the Classes demonstrated their clear intent and understanding as to the nature of the checked bags and premium seat upgrades by paying their fees.

53. Plaintiff and the Classes are parties to uniform and identical written contracts with Defendant pertaining to the provision of these services and the claims asserted against Defendant.

54. Plaintiff and the Classes have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released, or waived by the actions, conduct, or agreement of Defendant.

55. Defendant breaches it contractual obligations under the contracts with

Plaintiff and each member of the Classes by failing to provide "Big Front Seats" which were capable of reclining and failing to timely deliver checked baggage. Such failure constitutes a failure of consideration.

56. As a direct and proximate result of Defendant's failure to timely deliver their baggage, Plaintiff and the Classes are entitled to a return of the consideration they paid to Defendant in the form of the seat premium fees and checked bag fees.

## MISCELLANEOUS

57. Plaintiff and Classes Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

58. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

59. Plaintiff, on behalf of herself and the Classes, requests the following relief:

    (a) An order certifying the Classes and appointing Plaintiff as Representative of the Classes;

    (b) An order certifying the undersigned counsel as Classes Counsel;

    (c) Restitution and disgorgement of profits for all funds obtained by Defendant from Classes Members relating to its checked bag fees for baggage that was delayed and for premium seat fees when the premium seats were not as agreed;

    (d) Any and all statutory enhanced damages;

    (e) All reasonable and necessary attorneys' fees and costs provided

by statute, common law or the Court's inherent power;

(f) Pre- and post-judgment interest; and

(g) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: April 3, 2018    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff NIKKI GIAVASIS

1 Filed electronically on this 3rd Day of April, 2018, with:

2 United States District Court CM/ECF system.

3 Notification sent electronically on this 3rd Day of April, 2018, to:

4 Honorable R. Gary Klausner
5 United States District Court
Central District of California
6
And All Counsel of Record as Recorded On The Electronic Service List
7

8

9 /s/ Todd M. Friedman, Esq.
10 TODD M. FRIEDMAN